UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BENNETT,

                  Petitioner,

        v.                             CAUSE NO.: 3:19-CV-426-RLM-MGG

WARDEN,

                  Respondent.

## OPINION AND ORDER

Kevin Bennett, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (WCU 18-12-195) in which a disciplinary hearing officer found him guilty of possessing a controlled substance in violation of Indiana Department of Correction offense A-202. He lost 30 days earned credit time. Mr. Bennett raises three grounds.

In Ground One, Mr. Bennett argues that he didn't possess a controlled substance. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). This conduct report explained:

> On 12-14-18, at 3:45 P.M., I Lieutenant Darenski did a shakedown in the law library that Offender Bennett, Kevin #220783 was requesting to go in. Offender Bennett, Kevin #220783 stated to me that he need to go to that one because all of his legal work was saved to that computer. However I remember that Offender Bennett, Kevin #220783 was working in a different one last time I saw him in the law library. When I finished my search I found two packets of a controlled substance in the one Offender Bennett, Kevin #220783 wanted to go in.

ECF 1-1 at 5. Based on that evidence, it wasn't arbitrary for the hearing officer to have concluded Mr. Bennett was requesting to use a specific computer because he wanted to retrieve the controlled substance hidden in that area. Even though Mr. Bennett didn't take physical custody of the controlled substance, it wasn't arbitrary for the hearing officer to have concluded he had constructive possession is defined as "Control or dominion over a property without actual possession or custody of it." *Possession, Black's Law Dictionary* (11th ed. 2019). Ground One provides no basis for habeas corpus relief.

In Ground Two, Mr. Bennett argues there are only two computers in that prison law library, and many inmates use these computers. While it is true the controlled substance could have belonged to some other inmate, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). It wasn't arbitrary for the hearing officer to have concluded the

controlled substance belonged to Mr. Bennett because he asked to use a computer that didn't contain his legal work rather than one that did.

In Ground Three, Mr. Bennett attempts to raise a claim that was not presented to the final reviewing authority. Before bringing a habeas corpus challenge, a prisoner must exhaust his claim as required by 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority.

Moffat v. Broyles, 288 F.3d 978, 981-82 (7th Cir. 2002). "The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level." *Id*. at 982. Ground Three is procedurally defaulted.

A court can excuse procedural default and consider a claim that wasn't properly raised if the petitioner can demonstrate cause and prejudice. Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013). Cause is "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule." Barksdale v. Lane, 957 F.2d 379, 385 (7th Cir. 1992). Mr. Bennett argues that he did not present these claims during his administrative

3

appeal because he didn't have a copy of the Report of Disciplinary Hearing when he filed his administrative appeal. ECF 1 at 3.

That could be considered interference by officials if he needed the form and they wouldn't give it to him, but Mr. Bennett provides no explanation for why he needed the form to raise Ground Three during his administrative appeal. In Ground Three, Mr. Bennett tries to argue he was denied a lay advocate even though the Notice to Lay Advocate form shows he refused a lay advocate. *See* ECF 1-1 at 6. He also tries to argue he requested video evidence even though the Screening Report shows he didn't request video evidence. *See* ECF 1-1 at 4. Mr. Bennett was at the hearing, so he knew he didn't have a lay advocate. So too, if the "requested video" wasn't discussed at the hearing, he knew there was no video, too. Mr. Bennett didn't need the Report of Disciplinary Hearing form to be able to raise Ground Three in his administrative appeals. He hasn't shown cause and prejudice and the court can't consider Ground Three.

If Mr. Bennett wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court: (1) DENIES the habeas corpus petition (ECF 1); (2) DIRECTS the clerk to enter judgment; and (3) DENIES Kevin Bennett leave to proceed in forma pauperis on appeal.

SO ORDERED on August 15, 2019

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT